**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  08-cv-02218-REB-CBS

JAN ARNOTT, R.N.,
PEGGY DUTTON-GRABER, R.N., and
MONICA TEUSCHER, R.N.

     Plaintiffs,

v.

HCA-HEALTHONE, L.L.C., d/b/a SWEDISH MEDICAL CENTER,

     Defendant.

**ORDER OF DISMISSAL**

**Blackburn, J.**

     This matter is before me on the **Plaintiffs' Amended Unopposed Motion To Dismiss Federal Age Discrimination Claim** [#42] filed September 18, 2009.  I grant the motion and dismiss the plaintiffs' claims without prejudice.

     The plaintiffs move to dismiss their claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 - 634.  The plaintiffs have concluded that the recent decision of the United States Supreme Court in *Gross v. FBL Financial Services, Inc.*, ___ U.S. ___, 129 S. Ct. 2343 (2009) adopts a new and more restrictive standard for ADEA claims and that their claims no longer are viable.  The plaintiffs note also that all of the other claims they assert in this case are claims under state law.  The plaintiff's note that, absent diversity jurisdiction, state law claims are subject to dismissal by a federal court when all of the federal claims in the case have been dismissed.  The plaintiffs do not oppose dismissal of their state law claims without prejudice.  The defendant does not oppose dismissal of the ADEA claim and takes no position concerning the dismissal of the plaintiffs' state law claims.

     Under the present circumstances of this case, the plaintiffs may dismiss their ADEA action on terms that the court considers proper.  FED. R. CIV. P. 41(a)(2).  I conclude that the

plaintiffs' request to dismiss their ADEA claims is proper, and I grant their motion to dismiss as to their ADEA claim.  The only claims remaining after dismissal of the plaintiffs' ADEA claims are claims under state law.  The plaintiffs do not assert that this court has diversity jurisdiction over their state law claims, and the only basis for this court to assert jurisdiction over the state law claims is supplemental jurisdiction.  28 U.S.C. § 1367.  Under the circumstances of this case, I have discretion to determine whether the court should continue to exercise jurisdiction over the state claims.  *U.S. v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002).  I conclude that it is proper to dismiss the plaintiffs' state law claims without prejudice.  *Id*.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Amended Unopposed Motion To Dismiss Federal Age Discrimination Claim** [#42] filed September 18, 2009, is **GRANTED**;

2. That under Fed. R. Civ. P. 41(a)(2), the plaintiffs' claims for relief in their **Amended Complaint and Jury Demand** [#7] filed November 7, 2008, are **DISMISSED** without prejudice;

3. That the **Plaintiff's Unopposed Motion To Dismiss Federal Age Discrimination Claim** [#36] filed August 20, 2009, is **DENIED** as moot;

4. That all other pending motions are **DENIED** as moot; and

5. That this case is **CLOSED**.

Dated October 1, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackbum
United States District Judge

2